### 21835. TAYLOR *et al. v.* TAYLOR.

STEPHENS, J. 1. An oral statement made by the payee to the maker of a note, that the payee released him from the debt evidenced by the note, was insufficient as a contract cancelling the obligation, or as a gift to the maker of the note, where the payee received no consideration for the promise to release the maker, and there was no actual delivery or surrender of the note to the maker, or anything done which the law accepts in lieu of actual delivery. *Harrell* v. *Nicholson*, 119 *Ga.* 458 (46 S. E. 623); Civil Code (1910), § 4144. Upon the trial of a suit by an alleged transferee, against the maker of the note and a surety thereon, where one of the defenses pleaded was that the payee had, in the absence of any transfer or delivery of the note, relieved the maker from the indebtedness represented by the note, where the only evidence offered as tending to sustain the plea of release of the indebtedness was testimony as to a statement made by the payee to the maker (the maker being the payee's son) that "you [the maker] have had a bad time and I [the payee] will not make you pay it [the note], I will give the debt to you and you need not ever pay it," and a statement made subsequently by the payee to a person other than the maker of the note, while exhibiting the note, which was in the payee's possession, that this was the note that the payee had given to the maker, the evidence was not sufficient to authorize a verdict sustaining the plea, and the court did not err in rejecting it when offered.

2. The transferee of a promissory note is not, upon the trial of a suit instituted by himself against the maker and the surety, where the payee is dead, rendered incompetent by any provision of section 5858 of the

Civil Code of 1910 as amended, to testify as to transactions or communications between himself and the deceased payee. The court did not err in admitting the testimony of the plaintiff to the effect that the indorsement upon the note was made by the payee and was in the payee's handwriting.

3. It was not error to overrule the defendants' motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1932.

*J. P. Knight,* for plaintiffs in error.